Mark S. Hardiman (SBN 136602)
Salvatore J. Zimmitti (SBN 245678)
Katherine A. Bowles (SBN 287426)
**NELSON HARDIMAN LLP**
11835 West Olympic Boulevard, Suite 900
Los Angeles, CA 90064
Telephone:  (310) 203-2800
Facsimile:  (310) 203-2727
Email:  mhardiman@nelsonhardiman.com
        szimmitti@nelsonhardiman.com
        kbowles@nelsonhardiman.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORINA, *ex rel* BOBBETTE A. SMITH and SUSAN C. ROGERS,<br><br>Plaintiffs,<br><br>v.<br><br>TOM S. CHANG, M.D., TOM S. CHANG, M.D., INC., MICHAEL A. SAMUEL, M.D., MICHAEL J. DAVIS, M.D., RETINA INSTITUTE OF CALIFORNIA MEDICAL GROUP, CALIFORNIA EYE AND EAR SPECIALISTS, BRETT BRAUN and SAN GABRIEL AMBULATORY SURGERY CENTER LP,<br><br>Defendants. | Case No.: 2:13-cv-3772-DMG (MRWx)<br><br>(Assigned to for all purposes Hon. Dolly M. Gee, Dept. 8C)<br><br>**DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT** |

Defendants Tom S. Chang, M.D., Inc., Michael A. Samuel, M.D., Michael J. Davis, M.D., Brett Braun, Retina Institute of California Medical Group, California Eye and Ear Specialists, and San Gabriel Ambulatory Surgery Center LP, by and through their attorneys, hereby respond to the allegations of the Third Amended Complaint (the "Complaint"), and allege as affirmative defenses, as follows:

1. Defendants deny the allegations in paragraphs 1 through 5.

2. Defendants admit the allegations in paragraphs 6 through 10 only to the extent that the jurisdiction requirements in the Complaint appear to be facially satisfied.

3. Defendants lack sufficient information to admit or deny the allegations in paragraphs 11 through 12 and therefore deny them.

4. Defendants admit that Relator Smith was recruited and hired by Tom S. Chang, M.D. ("Dr. Chang") in June of 2012 to serve as the Chief Operating Officer of Retina Institute of California ("RIC") and that she served as COO for approximately six months until she resigned in January 2013, but otherwise lack sufficient information to admit or deny the remaining allegations in paragraph 13 and therefore deny them.

5. Defendants admit that Relator Rogers was hired by RIC in June of 2012 to serve as the Billing Department Manager of RIC and that she served as Billing Department Manager for approximately six months until she resigned in January 2013, but otherwise lack sufficient information to admit or deny the remaining allegations in paragraph 14 and therefore deny them.

6. Defendants admit the allegations contained in paragraphs 15 through 16.

7. Defendants admit that RIC was a retina specialist ophthalmology practice with approximately 35 offices and approximately 20 physicians, that RIC was a registered California medical partnership owned by Dr. Chang, Michael A. Samuel, M.D. ("Dr. Samuel"), Michael J. Davis, M.D. ("Dr. Davis") and Tom S. Chang, M.D., Inc. ("Chang Inc."), that RIC was founded by Dr. Chang in or around 2006, that RIC has a place of business at 100 East California Boulevard, Pasadena, California 91105, and that RIC provides services to insured and uninsured patients, including Medicare and Medi-Cal patients, but otherwise deny the remaining allegations in paragraph 17.

8. Defendants admit that Dr. Chang is a Canadian-trained ophthalmologist licensed to practice medicine in the State of California who provides medical care for diseases of the eye, including macular degeneration and diabetic retinopathy, that Dr. Chang was the majority owner and controlling partner of RIC, that Dr. Chang received the majority of the partnership distributions of RIC, and that Dr. Chang maintained an office at 100 East California Boulevard, Pasadena, California 91105, but otherwise deny the remaining allegations in paragraph 18.

9. Defendants admit that Chang, Inc. is a management company owned by Dr. Chang, that Chang, Inc. maintained an office at 100 East California Boulevard, Pasadena, California 91105, and that Chang, Inc. received a management fee of 10% of RIC's collectibles, but otherwise deny the remaining allegations in paragraph 19.

10. Defendants admit that Dr. Samuel is an ophthalmologist licensed by the State of California, that Dr. Samuel maintained an office at 100 East California Boulevard, Pasadena, California 91105, and that Dr. Samuel was RIC's Chief Medical Director, but otherwise deny the remaining allegations of paragraph 20.

11. Defendants admit that Dr. Davis is an ophthalmologist licensed by the State of California, that Dr. Davis maintained an office at 100 East California Boulevard, Pasadena, California 91105, and that Dr. Davis was RIC's Fellowship and Educational Director, but otherwise deny the remaining allegations of paragraph 21.

12. Defendants admit that California Eye and Ear Specialists ("CEES") was an ophthalmology practice owned by Dr. Chang, that CEES acquired a practice known as Ocular Institute of California ("OIC"), which Dr. Chang purchased from Stephen Ma in 2011, that CEES had a place of business at 100 East California Boulevard, Pasadena, California 91105, and that CEES is now part of Acuity Eye Specialists, but deny that CEES acted and functioned as an alter ego

of RIC and lack sufficient information to admit or deny the remaining allegations in paragraph 22, and therefore deny them.

13. Defendants admit that Brett Braun ("Braun") formerly was a California resident, that he formerly was the CEO of RIC, that his former principal place of business was 301 West Huntington Drive, Suite 107, Arcadia, California 91007, the he currently is a resident of the Commonwealth of Pennsylvania, but otherwise deny the remaining allegations in paragraph 23.

14. Defendants admit that San Gabriel Ambulatory Surgery Center ("SG-ASC") is a California limited partnership, that SG-ASC has an address of 207 South Santa Anita Avenue, Suite G16, San Gabriel, California, that SG-ASC provides outpatient surgical services, including ophthalmology services, that SG-ASC provides services to Medicare patients, that SG-ASC received referrals from CEES and RIC, but otherwise deny the remaining allegations in paragraph 24.

15. Defendants admit the allegations in paragraphs 25 through 38 only to the extent that they cite accurate statements of laws or regulations, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

16. Defendants admit that Dr. Chang, Dr. Samuel and Dr. Davis have enrolled as Medi-Cal providers and formerly provided services to Medi-Cal patients at RIC, and admit that other Medi-Cal provider physicians formerly provided services to Medi-Cal patients at RIC, but otherwise deny the remaining allegations in paragraph 39.

17. Defendants admit the allegations in paragraphs 40 through 58 only to the extent that they cite accurate statements of laws or regulations, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

18. Defendants admit that RIC's patients included those covered by Medicare Part B but lack sufficient information to admit or deny the remaining allegations of paragraph 59 and therefore deny them.

19. Defendants lack sufficient information to admit or deny the allegations of paragraph 60 and therefore deny them.

20. Defendants deny paragraphs 61 through 62.

21. Defendants admit that RIC made certain notations in connection with certain copayment amounts in its billing system for Dr. Chang, but otherwise lack sufficient information to admit or deny the remaining allegations of paragraph 63.

22. Defendants lack sufficient information to admit or deny the allegations of paragraph 64 and therefore deny them.

23. Defendants deny the allegations of paragraph 65.

24. Defendants lack sufficient information to admit or deny the allegations of paragraph 66 and therefore deny them.

25. Defendants deny the allegations of paragraphs 67 through 69.

26. Defendants deny the allegations of Paragraphs 70-71, which were dismissed from the Complaint by the Court's Order on the Motion to Dismiss, Court Record 111.

27. Defendants admit that Dr. Michael R. Rose became an employee of CEES in 2012, but otherwise lack sufficient information to admit or deny the allegations of paragraph 72 and therefore deny them.

28. Defendants lack sufficient information to admit or deny the allegations of paragraph 73 and therefore deny them.

29. Defendants deny the allegations of paragraphs 74 through 84.

30. Defendants admit that in or about June 2012, RIC made a business loan to RIC Diagnostics ("RICX") whose president at the time was Dan Bienenfield, but otherwise deny the remaining allegations of paragraph 85.

31. Defendants lack sufficient information to admit or deny the allegations of paragraphs 86 through 95 and therefore deny them.

32. Defendants lack sufficient information to admit or deny the allegations of paragraph 96 and therefore deny them.

33. Defendants deny the allegations of paragraphs 97 through 100.

34. Defendants admit that Drs. Chang, Samuel and Davis derive a financial benefit from profits generated at SG-ASC, but otherwise deny the remaining allegations of paragraph 101.

35. Defendants admit that Drs. Chang, Samuel and Davis offered patients the option of having their procedures done at SG-ASC, but otherwise deny the remaining allegations of paragraph 102.

36. Defendants deny the allegations in paragraph 103

37. Defendants admit the allegations in paragraph 104 only to the extent that they cite accurate statements of official guidance from the Federal Register, but as to the remaining allegations, Defendants deny them.

38. Defendants deny the allegations in paragraph 105.

39. Defendants lack sufficient information to admit or deny the allegations of paragraph 106 and therefore deny them.

40. Defendants admit that a significant number of patients served at SG-ASC were Medicare patients, but otherwise deny the remaining allegations of paragraph 107.

41. Defendants deny the allegations of paragraphs 108 through 109.

42. Defendants admit that they submit CMS Form 1500 for reimbursement from Medicare Part B, but lack sufficient information to admit or deny the remaining allegations in paragraph 110.

43. Defendants deny the allegations of paragraphs 111 through 113.

44. Defendants admit the allegations contained in paragraphs 114 through 124 only to the extent that they cite accurate statements of laws or regulations or of

the applicable sections of the Medicare Claims Processing Manual, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

45. Defendants lack sufficient information to admit or deny the allegations of paragraphs 125 through 133 and therefore deny them.

46. Defendants deny paragraphs 134 through 135.

47. Defendants admit that the Department of Justice performed an evaluation of the RIC Defendants use of ICGs for certain patients, but deny the remaining allegations of paragraph 136.

48. Defendants deny the allegations of paragraph 137.

49. Defendants admit that in 2012, RIC billed Medicare approximately $3.8 million for CPT Code 92240, but otherwise lack sufficient information to admit or deny the remaining allegations of paragraph 138 and therefore deny them.

50. Defendants lack sufficient information to admit or deny the allegations of paragraph 139 and therefore deny them.

51. Defendants deny the allegations of paragraph 140.

52. Defendants lack sufficient information to admit or deny the allegations of paragraph 141 and therefore deny them.

53. Defendants lack sufficient information to admit or deny the allegations of paragraphs 142 through 145 and therefore deny them.

54. Defendants deny the allegations in paragraph 146 through 147.

55. Defendants admit the allegations of paragraph 148.

56. Defendants deny the allegations of paragraphs 149 through 154.

57. Defendants admit that Dr. Camille Harrison left the RIC practice but deny the remaining allegations of paragraph 155.

58. Defendants admit the allegations of paragraph 156.

59. Defendants deny the allegations in paragraphs 157 through 160.

60. Defendants admit the allegations of paragraphs 161 through 162 only to the extent that they cite accurate statements of laws or regulations, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

61. Defendants deny the allegations in paragraphs 163 through 164.

62. Defendants admit that RIC received reimbursement from CMS in connection with PQRS in 2012, but deny the remaining allegations in paragraph 165.

63. Defendants deny the allegations of paragraphs 166 through 168.

64. Defendants admit the allegations contained in paragraphs 169 through 170 only to the extent that they cite accurate statements of laws or regulations, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

65. Defendants deny the allegations of paragraphs 171 through 175.

66. Defendants admit the allegations contained in paragraphs 176 through 177 only to the extent that they cite accurate statements of laws or regulations, but as to the remaining allegations, they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

67. Defendants admit that a significant number of RIC patients had commercial insurance coverages, but lack sufficient facts to admit or deny the remaining allegations of paragraph 178 and therefore deny them.

68. Defendants deny the allegations of paragraphs 179 through 181.

69. Defendants admit the allegations in paragraphs 182 through 183 only to the extent that they cite accurate statements of laws or regulations or official guidance from the California Attorney General, but as to the remaining allegations,

they are legal conclusions to which no answer is required and to the extent the legal conclusions are based on facts, Defendants deny them.

70. Defendants deny the allegations of paragraph 184.

71. Defendants admit the allegations of paragraph 185.

72. Defendants deny the allegations of paragraphs 186 through 208.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

73. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Ambiguity)

74. Relators' claims for violations of the Anti-Kickback and Anti-Self-Referral Statutes, Medi-Cal Discriminatory Billing Rule, and the Medicare PQRS rules are barred because the allegations are vague and incoherent, and therefore prevent Defendants from being able to respond and prepare a defense.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

75. Relators' claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

76. Relators' claims for relief against Defendants are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

77. Relators' claims for relief are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Acts or Conduct of Third Parties)

78. Defendants' alleged acts and omissions were not a substantial factor or cause in bringing about the alleged damages or wrongdoings in the Complaint,

but rather were superseded by the acts or omissions of Relators, third parties, or both.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acted in Conformity with Laws)

79. The Complaint, and each and every claim for relief therein, is barred because Defendants at all times acted in conformity with, and reliance upon, applicable rules, regulations and standards.

### EIGHTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

80. All of the damages which Relators are seeking to recover are speculative in nature.

### NINTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

81. Defendants' alleged acts and omissions were not the proximate cause of any of the alleged wrongdoings in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Willful Breach of Duty)

82. Relators' claims are barred and/or offset by their willful breach of their own duties.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Vague and Uncertain)

83. Relators' claims and allegations in the Complaint are vague and uncertain as to each of the Defendants.

### TWELTH AFFIRMATIVE DEFENSE
### (Good Faith)

84. Defendants' actions were at all times reasonable and were taken in the good faith exercise of their reasonable and professional judgment and business

judgment; and, moreover, Defendants at all times herein exercised due care and acted in good faith regarding all acts alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

85. Relators' claims are barred because, to the extent that Defendants are charged with misconduct resulting in any harm, such harm was caused by Relators' negligence, or such negligence was a substantial factor in causing such harm.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

86. Relators' claims are barred because the acts and omissions alleged were at all times ratified by Relators and/or the federal and state governments.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Public Disclosure Bar)

87. Relators' claims are barred because the allegations are based upon publicly disclosed information and Relators are not the original source of the information on which the allegations are based.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Actual Injury)

88. Relators and the federal and state governments on which they purport to bring this action have not suffered any injury in fact and therefore have no damages for which Defendants can be held liable.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Medical Judgment)

89. Relators' claims are barred because Defendants at all times acted in conformity with their reasonable medical judgment and within a reasonable range of medical discretion.

## EIGHTEEN AFFIRMATIVE DEFENSE

### (No Requisite Mental State)

90. Relators' claims are barred because Defendants did not act, or fail to act, with the requisite mental state necessary to create liability.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

91. Relators' acts and omissions, and the medically necessary services Defendants provided, create offsets in favor of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

92. Relators are barred from any recovery pursuant to the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

93. Relators are barred from any recovery pursuant to the doctrine of waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Material)

94. Relators are barred from any recovery because the acts and omissions alleged were not material to any payment decision for any claim with respect to the state and/or federal government.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

95. Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have additional and as yet unstated affirmative defenses, and therefore reserve the right to assert additional affirmative defenses in the event discovery and/or further investigation indicates that such defenses would be warranted.

## DEMAND FOR JURY TRIAL

96. Defendants hereby request a jury trial on all issues.

## PRAYER FOR RELIEF

Wherefore, Defendants pray:

1. For an order dismissing the Complaint and holding that Relators shall recover nothing from Defendants;

2. For an order awarding Defendants costs of suit and reasonable attorneys' fees; and

3. For such other and further relief as the Court deems appropriate.

Dated: June 22, 2018          Respectfully submitted,

NELSON HARDIMAN LLP


By: */s/ Mark S. Hardiman*
    Mark S. Hardiman
    Attorneys for Defendants

479351.2

13

**DEFENDANTS' ANSWER TO COMPLAINT**