Kolin C. Tang (SBN 279834)
Shepherd, Finkelman, Miller & Shah, LLP
1401 Dove Street, Suite 540
Newport Beach, CA 92660
Phone: (323) 510-4060
Fax: (866) 300-7367
Email: ktang@sfmslaw.com

Attorneys for Plaintiffs-Relators

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, *ex rel* BOBBETTE A. SMITH and SUSAN C. ROGERS,<br><br>Plaintiffs,<br><br>v.<br><br>TOM S. CHANG, M.D., TOM S. CHANG, M.D., INC., MICHAEL A. SAMUEL, M.D., MICHAEL J. DAVIS, M.D., RETINA INSTITUTE OF CALIFORNIA MEDICAL GROUP, CALIFORNIA EYE AND EAR SPECIALISTS, BRETT BRAUN and SAN GABRIEL AMBULATORY SURGERY CENTER LP,<br><br>Defendants. | CASE NO.: 2:13-cv-3772-DMG (MRWx)<br><br>**DISCOVERY MATTER**<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**Judge: Hon. Michael R. Wilner** |

- 1 -

[PROPOSED] ORDER
CASE NO.: 2:13-cv-3772-DMG (MRWx)

The Motion to Compel Production of Documents of Defendants, Tom S. Chang, M.D.; Tom S. Chang, M.D., Inc.; Michael A. Samuel, M.D.; Michael J. Davis, M.D.; Brett Braun; Retina Institute of California Medical Group; California Eye and Ear Specialists; and San Gabriel Ambulatory Surgery Center LP (collectively, the "Defendants") in Response to the First and Second Set of Requests for Production of Plaintiffs-Relators Bobbette A. Smith and Susan C. Rogers ("Plaintiffs-Relators") (the "Motion") came on for hearing on March 27, 2019 at 9:30 a.m., before the Honorable Michael R. Wilner of the above-entitled Court, located at 255 E. Temple Street, Los Angeles, CA 90012, Courtroom 550, 5th Floor, Los Angeles, CA 90012. Monique Olivier of Olivier, Schreiber & Chao, LLP and Laurie Rubinow of Shepherd, Finkelman, Miller & Shah LLP appeared on behalf of Plaintiffs-Relators. Carla A. Ford of Carla Ford Law, APC and Terrence M. Jones of The Law Office of Terrence Jones appeared on behalf of Defendants.

After full consideration of the Parties' Joint Stipulation regarding Plaintiffs' Motion, and the supplemental papers filed in support of and in opposition to Plaintiffs' Motion, the oral argument of counsel, and good cause appearing, the Court GRANTS Plaintiffs-Relators' Motion.

**I.     Factual Background**

~~On May 10, 2017, Plaintiffs-Relators served their first set of Requests for Production of Documents ("RFP Set No. 1") on Defendants, and on July 5, 2017, Defendants provided written objections and responses, and indicated that they would not produce documents until a Protective Order was in place. [Doc. 140-2]. Subsequently, Plaintiffs-Relators' counsel emailed and attempted to reach Defendants' counsel by phone on February 20, 23, 27, and March 2, 2018, requesting that Defendants make a production in response to RFP Set No. 1 now that the Stipulated Protective Order, which was executed on February 15, 2018,~~

- 2 -
[PROPOSED] ORDER
CASE NO.:  2:13-cv-3772-DMG (MRWx)

1  ~~was in place.  *Id.*  Defendants finally responded and made their first production on~~
2  ~~March 16, 2018 of one PDF containing documents bates labeled RETINA00001-~~
3  ~~RETINA011193.  *Id.*~~
4  ~~After reviewing the first production, Plaintiffs sent a letter to Defendants on~~
5  ~~July 20, 2018, identifying deficiencies in the production and requesting that~~
6  ~~Defendants supplement their response.  [Doc. 140-3].  On the same day, Plaintiffs-~~
7  ~~Relators also served their Second Set of Requests for Production of Documents~~
8  ~~("RFP Set No. 2") on Defendants, the responses to which were due on August 20,~~
9  ~~2018.  [Doc. 140-2].~~
10 ~~On August 23, 2018, Plaintiffs-Relators sent an email to Defendants~~
11 ~~requesting a meet and confer because Defendants had failed to: (1) respond to~~
12 ~~Plaintiffs-Relators' July 20, 2018 letter with respect to the deficiencies in their~~
13 ~~responses to RFP Set No. 1; and (2) respond to and produce any documents in~~
14 ~~response to RFP Set No. 2.  *Id.*  Defendants later conceded, that they waived their~~
15 ~~right to object to any portion of the RFP, Set No. 2, due to their failure to respond.~~
16 ~~[Doc. 140-9].~~
17 ~~On August 28, 2018, Defendants' counsel responded, informing Plaintiffs-~~
18 ~~Relators that they "no longer represent RIC and the other defendants as of July~~
19 ~~16", although the parties had jointly filed a Rule 26(f) Report on July 27, 2018,~~
20 ~~days after July 16.  *Id.*; [Doc. 116].~~
21 ~~Subsequently, on September 24, 2018, the court approved the substitution of~~
22 ~~Terrence Jones as Defendants' counsel, who was later joined by Carla Ford as co-~~
23 ~~counsel for Defendants on September 28, 2018.  [Doc. 134].  Since that time, the~~
24 ~~parties have met and conferred on multiple occasions to resolve the outstanding~~
25 ~~discovery issues.~~
26 ~~On November 30, 2018, Plaintiffs-Relators served Defendants with a pre-~~
27 ~~filing notice pursuant to Local Rule 37-1.  The parties met and conferred on~~
28

1  ~~December 7, 2018, [Doc. 140-2] and to memorialize Defendants' commitments to~~
2  ~~resolve the discovery issues, on December 10, 2018, Defendants' counsel provided~~
3  ~~Plaintiffs-Relators a detailed outline of the production of documents they would~~
4  ~~make and the dates by which they expected/anticipated doing so. *Id.* One week~~
5  ~~later, Defendants missed the first date by which they agreed to make their~~
6  ~~production. *Id.* To date, Defendants have not provided formal responses to~~
7  ~~Plaintiffs-Relators RFP, Set No. 2. The parties met and conferred again on~~
8  ~~December 21, 2018, and Defendants made a limited production that day and on~~
9  ~~December 28, 2018, which productions Defendants then had to reproduce on~~
10 ~~December 31, 2018 to comply with ESI protocols. [Doc. 140-2] However, these~~
11 ~~productions were also deficient. *Id.*~~

12 ~~On January 9, 2019 and January 15, 2019, Plaintiffs-Relators again served~~
13 ~~Defendants with a pre-filing notice pursuant to Local Rule 37-1. *Id.* In response to~~
14 ~~these notices, the parties met and conferred again on January 17, 2019, but were~~
15 ~~unable to resolve the discovery issues. *Id.* While Defendants repeatedly promised~~
16 ~~Plaintiffs-Relators that they would produce all responsive documents to RFP, Set 1~~
17 ~~and 2 within a certain timeframe, they failed to do so, which led to the filing of this~~
18 ~~Motion. [Doc. 140-7].~~

19 ~~On February 5, 2019, the Court granted the parties' request to continue~~
20 ~~certain deadlines in the case. [Doc. 139.] Initial expert reports are due on April~~
21 ~~16, 2019, rebuttal expert reports are due on May 15, 2019, fact and expert~~
22 ~~discovery is closed on May 31, 2019 (which includes any hearings on discovery~~
23 ~~motions), and motions must be filed by June 14, 2019. *Id.* In addition, the Court~~
24 ~~has indicated that "THERE SHALL BE NO FURTHER REQUESTS FOR~~
25 ~~EXTENSION OF TIME." *Id.*~~

26  Since the filing of this Motion, the Court and parties have had extensive
27  telephone discussions, but Defendants have still failed to cure the discovery
28

- 4 -
[PROPOSED] ORDER
CASE NO.: 2:13-cv-3772-DMG (MRWx)

deficiencies. In fact, during these telephone conversations, Defendants, for the first time, informed the Court and Plaintiffs-Relators that certain records, including patient records for 2006 to 2011 may be lost and/or missing. During the hearing, Defendants did indicate they may have discovered the missing files.

## II.     Conclusion

Defendants have failed to comply with their discovery obligations. ~~As the above background demonstrates, at this stage an order is necessary to compel Defendants' compliance with Plaintiffs-Relators' discovery requests. Plaintiffs-Relators are being prejudiced by Defendants' ongoing failures.~~

~~For the foregoing reasons,~~ the Court GRANTS Plaintiffs-Relators' Motion.

IT IS HEREBY ORDERED that:

1.    On or before midnight on Monday, April 1, 2019, Defendants shall produce ~~any and~~ all documents responsive to RFP, Set 1 and 2;

2.    Specifically, Defendants shall produce the following documents:

  a.    ~~Any and~~ all documents identified in Defendants' Initial Disclosures, including the following: (i) Retina Institute of California ("RIC") partnership agreements and documents describing the partnership structure and related documents; (ii) San Gabriel Ambulatory Surgery Center ("SG-ASC") and California Eye and Ear Specialists ("CEES") corporate/partnership documents describing the corporate and partnership structure and any partner or shareholder interest held in either business by a RIC partner and related documents; (iii) documents regarding RIC policies and procedures regarding collection and waiver of patient co-payments, and financial records documenting waivers and collection of co-payments; (iv) RIC documents regarding its discount policies

- 5 -

and procedures regarding uninsured and self-pay patients, and financial records reflecting such discounts; (v) RIC's documents regarding its former relationship with RIC Diagnostics ("RICX"); (vi) RIC's marketing and business development strategy documents, including for its annual Okularfest; (vii) RIC's documents relating to the clinical utility of ICGs; (viii) RIC's documents, including patient medical records, documenting the number, frequency and necessity of ICGs ordered by RIC physicians and billed by RIC during the relevant time period; (ix) RIC's documents, including patient medical records, documenting the number, frequency and correct use of different E/M codes for office visits documented by RIC physicians and billed by RIC during the relevant time period; (x) RIC's documents that were in effect during the relevant period addressing the documentation and coding of E/M office visits; (xi) RIC patient medical records and billing records supporting and reflecting claims for beneficiary services submitted to the Medicare or Medi-Cal program during the relevant period; and (xii) RIC's documents relating to its participation in CMS's Physician Quality Reporting System ("PQRS");

b. ~~Any and~~ all documents regarding financial documentation (including patient income) supporting the waiver of any Medicare co-payment from 2006 to the present;

c. ~~Any and~~ all documents concerning co-marketing arrangement with the RICX;

d. ~~Any and~~ all documents regarding Defendants' patient referral

arrangements with SG-ASC, including any return of investment analysis with respect to this co-marketing arrangement;

e. ~~Any and~~ all CMS Form 1500s that Defendants submitted to Medicare and Medi-Cal for reimbursement;

f. ~~Any and~~ all policy and billing records regarding Defendants' billing and reimbursement for CPT codes, 99211-99215, 99204 and 92240;

g. Dr. Suk's employment and compensation arrangement;

h. ~~Any and~~ all CEES's billing and reimbursement records for Dr. Lily Lee's services, including Dr. Lee's signed operative reports;

i. ~~Any and~~ all documents relating to Defendants' fee arrangement for cash paying or self-paying patients including any documents concerning Defendants' fee arrangements or charges for cash paying patients as compared to other patients with Medicare, Medi-Cal, and other government insurance or commercial insurance, with respect to CPT 67028, CPT 67105 and CPT 92250, as well as all other CPT codes;

j. ~~Any and~~ all documents regarding patient referral arrangements with non-retinal specialist ophthalmologists;

k. ~~Any and~~ all tracking documents and reports with respect to inducements provided to referring physicians in connection with a number of events;

l. Tax returns for Defendant Michael Davis;

m. ~~Any and~~ all documents in which Defendants billed for services performed in a clinical setting in which they do not maintain any ownership interest or operational responsibility;

| | | |
|---|---|---|
| | n. | ~~Any and~~ all documents concerning Defendants' participation in the PQRS; |
| | o. | ~~Any and~~ all missing attachments to emails from Defendants' initial March 16, 2018 production; |
| | p. | Complete contracts governing the relationship between CEES and SG-ASC; |
| | q. | ~~Any and~~ all Documents reflecting referrals from RICX to RIC, including: (a) patient name; (b) date of birth; (c) date of service; (d) insurance type; (e) charge amount; (f) adjustment; (g) final payment; and (h) rendering provider; |
| | r. | ~~Any and~~ all documents reflecting referrals from RIC Defendants to SG-ASC, including: (a) patient name; (b) date of birth; (c) date of service; (d) insurance type; (e) charge amount; (f) adjustment; (g) final payment; and (h) rendering provider; |
| | s. | ~~Any and~~ all documents reflecting referrals from CEES to SG-ASC, including: (a) patient name; (b) date of birth; (c) date of service; (d) insurance type; (e) charge amount; (f) adjustment; (g) final payment; and (h) rendering provider; |
| | t. | ~~Any and~~ all documents regarding marketing and/or advertising by Defendants of RICX services; |
| | u. | ~~Any and~~ all documents regarding internal and external investigations or other notes pertaining to any adverse reactions of patients to the Indocyanine green angiography (also known as, "ICG") test performed by Defendants; |
| | v. | ~~Any and~~ all declarations, notes of interviews, statements or materials from employees, or any third parties that Defendants intend to rely upon to dispute the facts alleged by Plaintiffs- |

|   |   |
|---|---|
| 1 | Relators or to support the defenses asserted by Defendants in |
| 2 | connection with the claims set forth in the Third Amended |
| 3 | Complaint and Answer thereto; |
| 4 | w. ~~Any and~~ all documents concerning any activity, event, |
| 5 | remuneration, or benefit (i.e., lunches, dinners, or gifts) that |
| 6 | Defendants or their employees paid for or provided to |
| 7 | physicians or other providers; |
| 8 | x. ~~Any and~~ all documents reflecting claims submitted by |
| 9 | Defendants to private insurance companies (including HMO's) |
| 10 | for services corresponding to CPT billing codes 99204, 99244, |
| 11 | 99214, 99215 and 99240; and |
| 12 | y. ~~Any and~~ all documents reflecting invoices sent to cash-paying |
| 13 | patients for services corresponding to CPT billing codes 99204, |
| 14 | 99214, 99215 and 92240. |

3.   ~~On or before midnight on Monday, April 1, 2019,~~ Defendants shall provide ~~an index containing: (1) the bates numbers of the documents that have been produced and the number of the RFP request to which they are responsive; and (2)~~ a description of what documents Defendants are claiming to be lost and/or missing, if any.

- 9 -
[PROPOSED] ORDER
CASE NO.: 2:13-cv-3772-DMG (MRWx)

**COURT'S EXPLANATORY COMMENTS**

1. The Court has no basis nor need to make the factual "findings" proposed by Relators in Section I and introductory paragraph of Section II.

2. Superfluous / redundant construction of "any and all" production requirement eliminated.

3. Defense objection to paragraph II.3 (Docket # 149) is partially SUSTAINED. The defense correctly notes that the Court did <u>not</u> accept the Relators' oral request at the hearing for an index of materials produced to date. However, a statement regarding materials withheld from production due to loss or spoliation is required – or at least firmly consistent with – the defense's obligations under Federal Rule of Civil Procedure 34(b)(2)(B-C) ("For each item or category, the response must either state that inspection [ ] will be permitted as requested or state with the specificity the ground for objecting to the request, including the reasons[.] An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part[.]"). The defense will provide that description by April 8.

Dated: April 1, 2019

_____
Hon. Michael R. Wilner
United States Magistrate Judge